# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1799-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOSE SANTANA,
a/k/a JOSE DURAN,

    Defendant-Appellant.

_____

Submitted March 28, 2022 – Decided July 12, 2022

Before Judges Sumners and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 13-08-2521.

Joseph E. Krakora, Public Defender, attorney for appellant (John V. Molitor, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Hannah M. Franke, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jose Santana appeals from a Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. He presents the following arguments for our consideration:

POINT I

NONE OF THE DEFENDANT'S CLAIMS ARE PROCEDURALLY BARRED[.]

POINT II

THIS COURT SHOULD REVERSE THE TRIAL COURT'S DECISION TO DENY THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING[.]

Having reviewed the record considering the applicable legal standards, we are unpersuaded by defendant's arguments and affirm.

The procedural history and trial evidence are detailed in our unpublished decision on defendant's direct appeal affirming his convictions for second-degree sexual assault, N.J.S.A. 2C:14-2(b), and the lesser-included offense of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a), and his aggregate seven-year sentence subject to the No Early Release Act, N.J.S.A. 2:43-7.2, State v. Santana, No. A-5308-15 (App. Div. July 6, 2018), certif. denied, 236 N.J. 468 (2019), as well as the PCR court's June 23, 2020 oral

2

decision. In this opinion, we restrict our discussion of the trial record to the issues raised on appeal.

Defendant contends that the PCR court, which also presided over the trial, erred when it held that all his ineffective assistance of counsel PCR claims should have been raised on direct appeal. Defendant alleged his trial counsel did not conduct a full investigation; present additional alibi witnesses; present an accurate timeline to exculpate defendant; review or reconstruct the alleged crime scene which would establish he could not have abused the victim; completely evaluate or impeach the evidence; and introduce any exculpatory evidence. Defendant's PCR counsel further stated at oral argument that counsel's "cumulative errors prejudiced the defense as . . . defendant adequately explained the event with the victim as a brief accident."

Based upon our review of the record, we disagree with the PCR court's determination that defendant's PCR claims were procedurally barred because they could have been raised on direct appeal. Other than for enumerated exceptions, which do not apply here, Rule 3:22-4(a)[1] bars a defendant from

---

[1] Rule 3:22-4(a) provides:

> First Petition for Post-Conviction Relief. Any ground for relief not raised in the proceedings resulting in the

employing a PCR petition to assert a claim that could have been raised at trial or on direct appeal.  See State v. Nash, 212 N.J. 518, 546 (2013).  Although we

conviction, or in a post-conviction proceeding brought and decided prior to the adoption of this rule, or in any appeal taken in any such proceedings is barred from assertion in a proceeding under this rule unless the court on motion or at the hearing finds:

> (1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or
>
> (2) that enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or
>
> (3) that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey.

A ground could not reasonably have been raised in a prior proceeding only if defendant shows that the factual predicate for that ground could not have been discovered earlier through the exercise of reasonable diligence.

A denial of relief would be contrary to a new rule of constitutional law only if the defendant shows that the claim relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings.

A-1799-20

rejected his direct appeal arguments to reverse his convictions and sentence, we did not address, nor could we in that proceeding, his PCR claims—essentially faulting trial counsel for not producing evidence to refute the State's charges—because the claims were outside the trial record and could not have been fully evaluated in a direct appeal. See State v. Preciose, 129 N.J. 451, 460 (1992). Thus, Rule 3:22-4(a) is inapplicable and does support a denial of defendant's PCR petition.

Even though we disagree its application of Rule 3:22-4(a), the PCR court prudently addressed the merits of defendant's claims, determining he did not set forth a prima facie case of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 687, 694 (1984)[2], because he did not demonstrate that: (1) counsel's performance was constitutionally deficient; and (2) defendant suffered resulting prejudice, meaning there was "reasonable probability that[,] but for counsel's unprofessional errors, the result of the proceeding would have been different." Based upon our de novo review of the PCR court's factual findings made without an evidentiary hearing and legal conclusions, we agree with the court. State v. Harris, 181 N.J. 391, 415 (2004).

---

[2] Adopted for application under the New Jersey Constitution in State v. Fritz, 105 N.J. 42 (1987).

Concerning defendant's claims that trial counsel did not conduct a full investigation to uncover evidence to support his defense, the PCR court, citing State v. Savage, 120 N.J. 594, 618 (1990), State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999), and State v. Porter, 216 N.J. 343, 353 (2013), properly noted there was nothing in the petition in the form of certifications establishing a reasonable probability that counsel's further investigation would have revealed particular facts or disclosed witnesses that would have changed the jury's verdict. See State v. Jones, 219 N.J. 298, 312 (2014) (finding PCR petitions must be "accompanied by an affidavit or certification by defendant, or by others, setting forth with particularity" the facts establishing alleged ineffective assistance of counsel). The PCR court stressed that defendant's argument was "nothing more than a b[a]ld assertion that the trial counsel should have investigated witnesses. . . . without any factual support to demonstrate counsel's alleged substandard performance." See Cummings, 321 N.J. Super. at 170 (explaining "bald assertions" are insufficient to sustain a defendant's burden under the Strickland standard). In fact, the court pointed out that counsel's production of alibi witness Dennis O'Keefe to contradict the victim's assertion regarding when the abuse occurred contradicted the contention that counsel failed to investigate. We discern no reason to disagree with PCR court,

especially given that it presided over the trial, which made it intimately aware of the trial evidence and strategies employed by the State and the defense.

As for defendant's claim that counsel failed to present alibi witnesses other than O'Keefe, the PCR court similarly determined the claim relied on "bald assertions unsupported by any facts," with no certifications explaining what "the[] alleged alibi witnesses" would have stated at trial. See Cummings, 321 N.J. Super. at 170. In support, the PCR court recounted O'Keefe's testimony that only he and defendant were together at a restaurant "during that time period when . . . defendant was off from work and the time th[e] victim [was] home from school" when the alleged abuse occurred. The court reasoned that O'Keefe's testimony undermined defendant's argument that there were other alibi witnesses given there was no one else with him and defendant during the time in question. The fact that defendant failed to identify in his petition any other alibi witnesses cements the court's logic, thus we have no reason to depart from the PCR court's sound analysis.

Regarding defendant's contention that counsel was ineffective for failing to present a proper timeline that would have exculpated him as well as failing to review or reconstruct the crime scene, the PCR court correctly determined the argument was meritless because it is undermined by trial counsel's

7

cross-examination of the victim, during which he reviewed the timeline for the alleged commission of the crimes. The court stated counsel "placed a time on the record from the victim. He corroborated in her testimony . . . the time she would leave school, the time she would get . . . home—she would get on the bus, the time she got off the bus." Although counsel was able to establish the victim's timeline differed from O'Keefe's testimony, the jury found the victim's allegations were credible. Because the timeline evidence was presented to and considered by the jury, defendant's argument that counsel was ineffective was correctly rejected by the court.

To the extent not addressed, defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We add only the following comments. The PCR court properly rejected defendant's claims that trial counsel did not competently evaluate and impeach the evidence presented by the State at trial and did not introduce exculpatory evidence, because defendant failed to identify the evidence in question.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1799-20